■ DOMINICO ᐧLORUSSO et al., Respondents, v THREE D BUILDING CORP. et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. BROOKLYN UNION GAS COMPANY, Third-Party Plaintiff-Appellant, v L.R.D. FLOORING/CORP., Third-Party Defendant. [620 NYS2d 467] —In a negligence action to recover damages for personal injuries, etc., the defendant first and second third-party plaintiff Brooklyn Union Gas Company appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated May 11, 1993, which denied its motion for summary judgment dismissing the plain-

tiffs' complaint insofar as it is asserted against it and all cross claims against it.

Ordered that the order is reversed, on the law, with costs payable by Three D Building Corp., 4-D Building Corp., Nick DeLuca, Josephine DeLuca, and Joseph Dionisio, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and all cross claims against it are dismissed.

The plaintiff Dominico LoRusso was injured on September 13, 1986, in an explosion that was caused by his use of flammable floor-finishing materials in a house that was under construction. The vapors from the finishing materials, which were being used by Mr. LoRusso in an unventilated area, were ignited by the pilot light of a gas water heater. The water heater was installed by a licensed plumber more than two months prior to the date of the explosion. Brooklyn Union Gas Company supplied the natural gas that powered the water heater. There was no evidence that it did so in a negligent manner.

Contrary to the finding of the Supreme Court, Brooklyn Union Gas Company established its entitlement to judgment as a matter of law. It supplied gas for the water heater commencing in August 1986. Brooklyn Union Gas Company was not asked to suspend service during the time the floors were being finished, and, indeed, it had no way of knowing that a flammable finish was to be applied on the date of the explosion. It has established, and Mr. LoRusso has failed to refute, that no such negligence was attributable to it. Accordingly, the court should have granted its motion for summary judgment. Rosenblatt, J. P., Miller, Santucci and Florio, JJ., concur.